**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CASE NO:

UBER PROMOTIONS, INC.,
a Florida corporation,

      Plaintiff,

vs.

UBER TECHNOLOGIES, INC.,

a Delaware corporation,

      Defendant.

_____/

## COMPLAINT

      Plaintiff, UBER PROMOTIONS, INC. (hereinafter "Plaintiff"), brings this action by and through the undersigned attorneys against Defendant, UBER TECHNOLOGIES, INC. (hereinafter "Defendant"), for trademark infringement, unfair competition, false designation of origin and for cancellation of Defendant's United States Trademark Registration(s), under Trademark Act of 1946, as amended, 15 U.S.C. §1501, *et seq*., under Florida's Registration and Protection of Trademarks Act, § 495.131-141, *Fla.Stat.* and under common law, and in support thereof allege that:

## PARTIES

      1.    Plaintiff, UBER PROMOTIONS, INC., is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 4010 West Newberry Road, Suite A, Gainesville, Florida 32607.

2.      Defendant, UBER TECHNOLOGIES, INC. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1455 Market Street, 4th Floor, San Francisco, California 94130.

3.      Defendant owns, operates, maintains, or controls interactive websites, accessible from this judicial district, and maintains, owns and controls computer applications that are distributed into, sold and used in this judicial district, through which the complained of products and services have been advertised and sold.


## JURISDICTION

4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*.

5.      This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and Defendant.  In addition, the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

6.      This Court has subject matter jurisdiction over the Florida statutory claim and common law claims herein under 28 U.S.C. § 1338(b) because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, over which this Court has original jurisdiction.

7.      This Court has supplemental jurisdiction over all of the claims pled under state law herein under 28 U.S.C. § 1367 because those claims are joined with, and are so related to Plaintiffs' claims under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*,

over which this Court has original jurisdiction, such that they form part of the same case or controversy under Article III of the United States Constitution.

8.      This Court has *in personam* jurisdiction over Defendant in this action because Defendant regularly engages in business in this judicial district, including, without limitation, providing service through interactive websites and software applications viewable in this judicial district, and throughout the entire United States, said websites and/or software applications which use the infringing mark to promote its services.  Defendant also regularly provides taxi and other transport services in this judicial district.

9.      Venue is proper pursuant to 28 U.S.C. §1391(a), by consent, because Defendant regularly engages in business in this judicial district, including, without limitation, providing services through interactive websites and/or software applications viewable in this judicial district, and throughout the entire United States, said websites and software applications which use the infringing mark to promote its services.  Defendant also regularly provides taxi and other transport services in this judicial district.  Furthermore, some of the complained of acts occurred in this judicial district.

10.     At all times material hereto, Defendant acted by and through its agents, employees, and servants.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

### a) Plaintiff's Trademark Rights

11.     Plaintiff is a privately held company that incorporated in 2006.  Plaintiff provides and has provided, passenger transportation services, including vehicle charter services, in virtually every city in Florida, for transporting passengers within Florida, and from Florida to

other states.  Plaintiff also provides printing and promotional services to customers in nearly every state in the United States including, without limitation, Florida and California.

12.     Plaintiff and its predecessors-in-interest have used, in Florida, and in interstate commerce, the trademarks UBER, ÜBER, UBER PROMOTIONS and ÜBER PROMOTIONS ("Plaintiff's Marks") at least as early as 2006 to identify its company and/or business as the source of its (i) passenger transportation services, including through limousine and charter services, (ii) promotional and event planning services, (iii) graphic, web design and print media photography services, (iv) modelling and talent agency services, (v) private venue rental services, as well as other services (collectively "Plaintiff's Services").

13.     At least as early as 2007, Plaintiff has used the internet domain name www.uberpromotions.com through which it advertises and sells Plaintiff's Services including, without limitation, its passenger transportation, limousine and charter services.

14.     Plaintiff has also acquired strong common law trademark rights in its family of UBER marks through extensive use in Florida and in interstate commerce in connection with Plaintiff's Services provided in multiple states within the United States.

15.     Since at least as early as 2006, Plaintiff and its predecessors-in-interest have used Plaintiff's Marks, which they have prominently displayed in advertising and marketing of its services, as a tradename and corporate name, on business cards, on the internet, in print advertisements and other promotional and marketing materials.

16.     Plaintiff's Marks are inherently distinctive, but have also become a distinctive indication of the origin and high level of quality of Plaintiff's Services as a result of Plaintiff's extensive use, sales, marketing, and advertising for over a decade.  Plaintiff's Marks therefore

act as an indication of the source of Plaintiff's Services and assure consumers of a high level of quality, appeal, and satisfaction with which Plaintiff's Services have become synonymous.

17.     By using Plaintiff's Marks for over a decade in interstate and Florida commerce, Plaintiff has developed significant and valuable goodwill in its marks in the industry and with the public, which have also acquired secondary meaning.


### b) Defendant's Wrongful Acts

18.     Upon information and belief, on or about March 1, 2009, Defendant was founded, formed, incorporated, and began using the term "Uber" in its corporate names and/or tradenames "UberCab, Inc.," "UberCab, LLC" and, the current "Uber Technologies, Inc."

19.     Upon information and belief, no earlier than October 28, 2010, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using variations of the mark UBER in connection with transportation, taxi and vehicle charter services, and software applications designed for ordering and providing such services ("Defendant's Services") in California and, according to Defendant's own allegations to the United States Patent and Trademark Office ("USPTO"), in interstate commerce.

20.     Upon information and belief, no earlier than 2012, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using the mark UBER in connection with Defendant's Services in Florida commerce.

21.     Upon information and belief, no earlier than 2010, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using the domain name www.uber.com in connection with an active website.

22.     Upon information and belief, no earlier than 2009, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using social media names which include the term and mark "UBER" and "UBERCAB," to promote the launch of their transportation services business.

23.     Upon information and belief, in late 2014 or early 2015, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using the tagline "Uber Promotions" with the social media service Instagram, in connection with Defendant's Services in interstate commerce.  (Hereinafter, the marks UBER, UBER TECHNOLOGIES and UBER PROMOTIONS, as used by Defendant, will be referred to as ("Defendant's Marks")).

24.     Upon information and belief, in late 2014 or early 2015, years after Plaintiff commenced use and established its goodwill and trademark rights described above, Defendant began using the tagline "Uber Promotions" with the social media service Twitter, in connection with Defendant's Services in interstate commerce.

25.     On or about November 5, 2010, Defendant applied for registration of the mark **UBER** with the USPTO on the Principal Register, Application Serial No. 85170655.  On or about June 14, 2011, the USPTO issued Defendant Registration Number 3977893 directed to the mark **UBER** for use in connection with:

> "Computer software for coordinating transportation services, namely, software for the automated scheduling and dispatch of motorized vehicles," in International Class 009; "Telecommunications services, namely, routing calls, SMS messages, and push-notifications to local third-party motorized vehicle dispatchers in the vicinity of the caller using mobile phones," in International Class 038; "Providing a website featuring information regarding transportation services and bookings for transportation services," in International Class 39; and "providing temporary use of online non-downloadable software for providing transportation services, bookings for transportation services and dispatching motorized vehicles to customers," in International Class 42."

26.     On or about December 2, 2014, Defendant applied for registration of composite mark **UBER (and design)** with the USPTO on the Principal Register, Application Serial No. 86469371, for use in connection with:

> "Mobile application software for connecting drivers and passengers; mobile application software for automated scheduling and dispatch of motor vehicles; mobile application software for coordinating transportation services; mobile application software for engaging transportation services," in International Class 9.

The above application is still pending.

27.     Defendant adopted, commenced use, applied to register and registered marks which are confusingly similar, or identical to Plaintiff's Marks in connection with Defendant's Services long after Plaintiff first used Plaintiff's Marks, at least in Florida.

28.     Upon information and belief, Defendant had actual knowledge of Plaintiff's Mark when it adopted and/or sought to register Defendant's Marks.

29.     Because of the similarity between Plaintiff's Marks and Defendant's Marks, (i) prospective consumers are likely to be deceived, mistaken, or confused as to the source or origin of Defendant's Services, (ii) the distinctiveness of Plaintiff's Marks are being diluted, and/or (iii) Defendant has caused the likelihood of initial interest confusion and reverse confusion.

30.     Actual consumer confusion, initial interest confusion and/or reverse confusion has already occurred on numerous occasions, all to the detriment of Plaintiff.  In fact, Plaintiff receives multiple calls and emails, at times daily, from the public looking for or complaining about Defendant and/or its goods and/or services.  Plaintiff also receives calls from Defendant's employees looking for or complaining about Defendant.  This confusion and harm to Plaintiff

has escalated recently as Defendant has entered and/or expanded its presence in, and service to Florida.

31.     Plaintiff has been harmed in the sense that Defendant has created a strong negative connotation between the term "UBER" and transportation services, in particular, at airports and Disney properties, among others.  Plaintiff's vehicles have actually been turned away from and prevented from reaching their intended destinations because they bear the word "UBER" on the side, thereby preventing Plaintiff from providing the services to which it has obligated itself to its consumers.

32.     Defendant's acts were done willfully and maliciously, and with the specific intent to imitate Plaintiff, misappropriate, misuse and palm off of the goodwill, distinctiveness, fame and recognition Plaintiff enjoys in the industry.

33.     Defendant's use and continued registration of Defendant's Marks and its associated domain names and social media names, in connection with Defendant's Services, have caused great and irreparable harm and damage to Plaintiff, its goodwill, and the distinctiveness of its trademarks and brand and have impaired, blurred, disparaged, tarnished and diluted same.

34.     Harm escalates each day Defendant's use, registration, and other acts complained of herein are permitted to continue.

35.     Plaintiff has no adequate remedy at law relative to the continued and future harm expected to be suffered for Defendant's continued conduct.

36.     The balance of the equities favors preliminary and permanent injunctive relief to restrain and enjoin Defendant's wrongful acts from continuing in the future.

37.     All prerequisites to filing suit have been satisfied, have occurred or have been waived.

38.     As a direct and proximate result of the Defendant's acts complained of herein, Plaintiff has been forced to retain the undersigned firms, and has agreed to pay said firms a reasonable fee for their services.


## COUNT I
## FEDERAL UNFAIR COMPETITION, FALSE ENDORSEMENT AND
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

39.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

40.     Plaintiff has been using Plaintiff's Marks in connection with Plaintiff's Services in Interstate Commerce since at least as early as 2004, and has developed substantial goodwill in such marks in Plaintiff's common law territory, the entire United States, prior to Defendant's adoption and use of the term UBER or any of Defendant's Marks.

41.     Plaintiff's Marks have become uniquely associated with, and thus, prior to Defendant's unauthorized use of Plaintiff's Marks, identified only Plaintiff.  Defendant has knowingly caused its services, advertisements, websites, software applications, social media profiles, promotional and marking material to enter into interstate commerce with Plaintiff's Marks connected therewith.  This use of Plaintiff's Marks by Defendant is a false designation of origin which is likely to cause confusion, initial interest confusion, reverse confusion and mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of such goods and services by Plaintiff.

42.     The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a), in that Defendant has used in connection with Defendant's Services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's Services and commercial activities by Plaintiff.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

43.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

44.     Plaintiff first used Plaintiff's Marks before Defendant first used the term UBER, or any of Defendant's Marks, in any variation to market or promote Defendant's Services.

45.     Defendant's use of Plaintiff's Marks infringes on Plaintiff's common law rights in its marks and has and will continue to have the effect of causing confusion, initial interest confusion, reverse confusion, mistake, or deception as to the source and origin of Defendant's Services to deceive the public by passing off Defendant's Services as being manufactured, sponsored, or otherwise approved by or connected with Plaintiff.

46.     Defendant's acts have damaged Plaintiff's business reputation and have impaired, blurred, tarnished and diluted Plaintiff's goodwill in Plaintiff's Marks.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

47.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

48.     The tendency and effect of Defendant's continued use of Defendant's Marks, which are confusingly similar or identical to Plaintiff's Marks, in the advertising and marketing of Defendant's Services is to cause confusion, initial interest confusion, reverse confusion, mistake, and deception as to the source of origin of Defendant's products and services. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its marks, and constitute common law unfair competition.

49.     As a result of Defendant's use of the Defendant's Marks, which are confusingly similar or identical to Plaintiff's Marks, Plaintiff's reputation and goodwill have been and will be damaged, and Defendant has wrongfully profited from their imitation and infringement of Plaintiff's Marks.

## COUNT IV
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

50.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

51.     Defendant's use of Defendant's Marks in Florida is likely to cause consumer confusion, initial interest confusion, reverse confusion, mistake, deception or mistake, in Florida, as to the source of various goods and services and as to a connection, affiliation, relation,

sponsorship or endorsement by one or more of Plaintiff and/or Plaintiff's Marks, all of which irreparably have and continue to cause damage to Plaintiff.

58.     By reason of the foregoing activities, Defendant has violated and infringed Plaintiff's rights in Plaintiff's Marks and has otherwise competed unfairly with Plaintiff, in violation of the common law of the State of Florida.

## COUNT V
## FLORIDA COMMON LAW UNFAIR COMPETITON

59.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

60.     Defendant's activities in Florida constitute unfair competition with Plaintiff by creating, in Florida, a likelihood of consumer confusion, initial interest confusion and reverse confusion in the trade as to the source or sponsorship of the products or is likely to lead the public to believe Plaintiff is in some way connected to Defendant and are likely to mislead persons in the ordinary course of purchasing the products of Defendant and induce them to believe they are purchasing genuine services and products of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

61.     Defendant's passing off Defendant's Services as those of or associated with Plaintiff, and their other unlawful activities described herein which take place in, effect, or contact the State of Florida, constitute unfair competition as proscribed by the common law of Florida and have caused Plaintiff to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

## COUNT VI
## DECLARATORY JUDGMENT AND FOR THE CANCELLATION OF
## UNITED STATES TRADEMARK REGISTRATION NO. 3977893

62.  Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

63.  This claim arises under the federal Lanham Act, 15 U.S.C. §§ 1119, 1064, 2201 and 2202 for a declaratory judgment, declaring that Defendant's United States Trademark Registration No. 3977893 directed to the word mark UBER should be cancelled and directing, by writ of mandamus, or other appropriate order to the USPTO to immediately cancel and remove same from its Principal Register, and any other registers.

64.  Plaintiff is the nationwide senior user of the mark UBER in connection with Plaintiff's Services, as compared to Defendant and its use of Defendant's Marks.

65.  Defendant's registered mark is being used by, or with the permission of Defendant so as to misrepresent the source of the goods and services on or in connection with which the mark is used by Defendant.

66.  Notwithstanding, Plaintiff's senior use and priority of right, Defendant obtained United States Trademark Registration No. 3977893 directed to the word mark UBER which is likely to be confused with Plaintiff's Marks by consumers and the public.

67.  Plaintiff has been, and will continue to be damaged by the aforementioned registration owned by Defendant so long as Registration No. 3977893 remains on the Principal Register, or any register of the USPTO.

<u>COUNT VII</u>
**DECLARATORY JUDGMENT REGARDING**
**UNITED STATES TRADEMARK APPLICATION NO. 86469371**

68. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

69. This claim arises under the federal Lanham Act, 15 U.S.C. §§ 2201 and 2202 for a declaratory judgment, declaring that Defendant's pending United States Trademark Application Serial No. 86469371 for the USPTO's Principal Register for the composite mark UBER (and design) should be finally rejected and that Defendant is otherwise not entitled to registration therefor.

70. Plaintiff is the nationwide senior user of Plaintiff's Mark, including the mark UBER in connection with Plaintiff's Services, as compared to Defendant and its use of Defendant's Marks.

71. Defendant's mark which is the subject of Application Serial No. 86469371 is being used by, or with the permission of, Defendant so as to misrepresent the source of the goods and services on or in connection with which the mark is used by Defendant.

72. Notwithstanding, Plaintiff's senior use and priority of right, Defendant filed Application Serial No. 86469371 directed to the word mark UBER (and design) which is likely to be confused with Plaintiff's Marks by consumers and the public.

73. Plaintiff has been, and will continue to be damaged if the aforementioned Application matures into a United States Trademark Registration.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

1.      An order enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendant, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them from:

a. Using the marks UBER, ÜBER, UBERCAB, UBER TECHNOLOGY, UBER.COM, WWW.UBER.COM, UBER PROMOTIONS, ÜBER PROMOTIONS or any name, term or mark similar thereto or any confusingly similar designation alone or in combination with other terms, as a trademark, slogan, tag line, trade name component or otherwise, as a domain name, sub-domain, directory name, email address or other such computer addresses, as the name of Defendant's websites, or any webpage, as part of a URL, metatag, hashtag, Ad Words, search term, or, in any other way to market, advertise, sell, offer for sale or identify Defendant's Services or related goods or services, or advertisements for Defendant's Services, or related goods or services;

b. Otherwise infringing Plaintiff's Marks employing the words, terms or phrases UBER, ÜBER, UBERCAB, UBER TECHNOLOGY, UBER.COM, WWW.UBER.COM, UBER PROMOTIONS or ÜBER PROMOTIONS therein in connection with Defendant's Services, or related goods or services;

c. Unfairly competing with Plaintiff in any manner whatsoever; and

d. Causing a likelihood of confusion, initial interest confusion, reverse confusion or other injury to Plaintiff's business reputation, or dilution of the distinctive quality, of Plaintiff's Marks by any unauthorized use, dilution, blurring, devaluing, disparaging or tarnishing of the same.

2. An order requiring Defendant to deliver and destroy all devices, websites, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and products in the possession of Defendant or under Defendant's control which have ever been used in connection with Defendants' Services or related goods or services, bearing the marks UBER, ÜBER, UBERCAB, UBER TECHNOLOGY, UBER.COM, WWW.UBER.COM, UBER PROMOTIONS or ÜBER PROMOTIONS in or on them, and all plates, molds, matrices and other means of making the same.

3. An order requiring Defendant to notify, in writing, and direct to its internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which Defendant's use of the marks or employing the terms or phrases UBER, ÜBER, UBERCAB, UBER TECHNOLOGY, UBER.COM, WWW.UBER.COM, UBER PROMOTIONS or ÜBER PROMOTIONS appear in connection with Defendants' Services or related goods or services, to delete all references to said names and marks from their public databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing marks, terms or phrases employing UBER, ÜBER, UBERCAB, UBER TECHNOLOGY, UBER.COM, WWW.UBER.COM, UBER PROMOTIONS or ÜBER PROMOTIONS.

4. An order requiring Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which Defendant has complied with the requirements of the injunction and order.

5. An order requiring Defendant to account for and pay over to Plaintiff all damages sustained by Plaintiff including damages by reason of Defendant's unlawful acts alleged herein, plus pre-judgment and post-judgment interest thereon, and that such damages be trebled, as provided by law.

6. An order requiring Defendant to pay over to Plaintiff all profits realized directly or indirectly by Defendant, directly or indirectly related to its products and/or services, the sales of which have been enhanced directly or indirectly from its products or services, or advertising of same, or otherwise by reason of Defendant's unlawful acts alleged herein, and that such amounts be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. §§ 1117, 1118, or as otherwise provided by law.

8. An award of punitive and exemplary damages.

9. A declaratory judgment, writ of mandamus or other appropriate order to the United States Patent and Trademark Office requiring the immediate cancellation of Defendant's United States Trademark Registrations No. 3977893 directed to the word mark UBER, and to remove same from its Principal Register, and any other registers.

10. A declaratory judgment, declaring that Defendant's United States Trademark Application Serial No. 86469371 to the USPTO's Principal Register for the composite mark UBER (and design) should be finally rejected and that Defendant is otherwise not entitled to registration therefor.

12. An award of Plaintiff's reasonable attorneys' fees incurred in this litigation.

13. An award of Plaintiff's taxable costs and other costs, expenses and disbursements incurred herein.

14.  An award of prejudgment and post-judgment interest on all monetary awards.

15. All such other and further relief as the Court may deem just and appropriate.


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.


**DATED: September 29, 2015**


| | |
|---|---|
| **THE CONCEPT LAW GROUP, P.A.** | **SANTUCCI PRIORE, P.L.** |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| 200 South Andrews Avenue | 200 South Andrews Avenue |
| Museum Plaza, Suite 100 | Museum Plaza, Suite 100 |
| Fort Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| Telephone: 754-300-1500 | Telephone: 954-351-7474 |
| Facsimile: 754-300-1501 | Facsimile: 954-351-7475 |

By:  */s/ Alexander D. Brown*          By:  */s/ Joseph V. Priore*
     Alexander D. Brown (FBN: 752665)     Joseph V. Priore (FBN: 348820)
     E-mail: Abrown@conceptlaw.com     E-mail: jpriore@500law.com

By:  */s/ Scott D. Smiley*
     Scott D. Smiley (FBN: 678341)
     E-mail: Scott@conceptlaw.com