**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CASE NO: 1:15-CV-00206-MW-GRJ

UBER PROMOTIONS, INC.,
a Florida corporation,

      Plaintiff,

vs.

UBER TECHNOLOGIES, INC.,
a Delaware corporation,

      Defendant.

_____/

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

For good cause shown and upon stipulation by Plaintiff UBER
PROMOTIONS, INC. ("UP") and Defendant UBER TECHNOLOGIES, INC.
("UT") (collectively, the "Parties"), all discovery and other materials exchanged by
the Parties and non-parties, or filed with the Court, in the above-referenced Case
No. 15-CV-00206-MW-GRJ (the "Action") shall be subject to the following
conditions.

1.    **DEFINITIONS**

      1.1    **Discovery Materials:**    All documents, materials, and
information within the scope of Federal Rule of Civil Procedure 34, regardless of

1

the medium or manner generated, stored, or maintained (including, among other things, electronically stored information ("ESI"), testimony, transcripts, affidavits, or tangible things), that are produced or otherwise disclosed in response to discovery in this matter by a Party or any non-party (the "Producing Party").

      **1.2**    **Protected Materials:**  Any Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as described herein.

      **1.3**    **Producing Party:**  A Party, including a non-party that invokes the rights and protections provided by this Stipulated Protective Order, that produces or otherwise discloses Discovery Materials in this case.

      **1.4**    **Receiving Party:**  A Party or Retained Expert that receives produced or otherwise disclosed Discovery Materials.

      **1.5**    **CONFIDENTIAL Protected Material:**  A Producing Party, or a Party claiming protection for Discovery Materials disclosed by a non-Party, may designate Discovery Materials as "CONFIDENTIAL" under the terms of this Stipulated Protective Order if such Party in good faith believes that such Discovery Materials constitute or contain, in whole or in part, financial, research, design, development, customer, commercial, internal strategy, pricing information, or other proprietary information of commercial value that has not been made public

and is not generally known, and which the Producing Party would not normally reveal to third-parties or would cause third-parties to maintain in confidence.

## 1.6   **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Protected Material:** A Producing Party, or a Party claiming protection for Discovery Material disclosed by a non-party, may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material under the terms of this Stipulated Protective Order if such Party in good faith believes that such materials constitute or contain, in whole or in part, information which the Producing Party reasonably believes will harm its competitive position if the information becomes known to a party other than the Producing Party.  Such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials may constitute or contain, but are not limited to: (1) past, current, and prospective revenue, profit, pricing and cost figures; (2) Defendant's ridership and driver-related figures; (3) highly sensitive technical information relating to research for and development of current or future products or services; (4) highly sensitive marketing plans; (5) highly sensitive forecasts; (6) customer-related data; and (7) customer orders and customer quotations.

       1.7    **<u>Outside Counsel</u>:** Attorneys of record for the Parties in this litigation, as well as attorneys and support staff in their respective law firms (e.g., paralegals and assistants).

       1.8    **<u>In-House Counsel</u>:** Attorneys who are employees of a Party, are actively serving as legal counsel, and are responsible for overseeing the Action, as well as their support staff (*e.g.*, paralegals and assistants).  Further, prior to an in-house counsel and/or their non-administrative support staff becoming privy to any HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-designated material, the Party desiring to share any such information with their in-house counsel shall provide the Producing Party with written notice at least seven (7) days in advance of any such disclosure, said notification which shall identify the in-house counsel and their support staff by name and complete job description, and also confirm that said in-house counsel has read this Stipulated Protective Order in its entirety, and have executed Exhibit A hereto.  Consent shall not be unreasonably withheld by the Producing Party; in the event an objection is made the procedures outlined in Section 6.4 herein shall be followed.  In addition, if the responsibilities of any in-house counsel and/or their non-administrative support staff approved to receive HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-designated material under the terms of this definition are subsequently

4

expanded to include business-related job responsibilities (*i.e.*, outside the scope of legal counsel duties) not previously disclosed to the Producing Party, the Party for whom such individual is employed must promptly notify the Producing Party of the same in writing. The Producing Party may not unreasonably withhold consent for such employee's continued access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-designated material, but in the event an objection is made the procedures outlined in Section 6.4 herein shall be followed. Plaintiff agrees that Eric Schulman and Mooni Patel of Defendant are permitted to access HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-designated material immediately upon their execution of Exhibit A hereto.

      **1.9**   **Counsel:** Outside Counsel and In-House Counsel as defined herein.

      **1.10**   **Expert:** Independent experts or consultants retained on behalf of a Party by its Outside Counsel to assist in this litigation.

      **1.11**   **Professional Vendors:** Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; collecting, organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition also

includes any professional jury or trial consultants retained in connection with this litigation, their support staff, and mock jury participants.

**2.  SCOPE OF ORDER**

This Stipulated Protective Order governs the use and handling of Discovery Materials, as well as any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by the Parties, third parties, or Counsel to or in court or in other settings that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this provision precludes Counsel from providing the client with high level descriptions of facts as part of his or her litigation advice.  Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Stipulated Protective Order, along with the information contained in the Discovery Materials, shall be used only for the purposes of this litigation and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

**3.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Producing

Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4.   DESIGNATING PROTECTED MATERIAL

4.1   **Manner and Timing of Designations:** Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Protected Material must be clearly designated as such.  Designation in conformity with this Stipulated Protective Order requires:

(a)   Discovery Materials in documentary form (excluding transcripts from depositions, pretrial, or trial proceedings): The Producing Party must, prior to the time the Protected Material is provided to the Receiving Party, affix the appropriate legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on each page of a document or each physical object that contains Protected Material. In the case of Protected Material contained in or on media other than paper (e.g., natively produced documents), the Producing

Party shall affix such a label to the material or file name, or use its best efforts to identify the material as Protected Material.

(b)     <u>Discovery Materials that comprise testimony given in deposition</u>: A Producing Party may designate testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY during the testimony or in writing at any time within thirty (30) days after actual receipt of the transcript by counsel for the Producing Party.  In the event such a designation is made, and in order to afford time for designations to be made to specific page/line portions of the deposition, the entire transcript shall be treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of the thirty (30) day period.   Nothing in this Section, however, should be construed as providing either Party the ability to exclude individuals (who would otherwise be allowed to attend the deposition) from the entirety of a deposition.  Rather, upon good faith belief that a portion of the testimony will involve CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, a Party may only exclude unpermitted individuals during that portion of the deposition. The deposition of any witness (or any portion of such deposition) that encompasses Protected Material shall be taken only in the presence of persons who are qualified to have access to such information.

(c)     All other Discovery Materials including ESI and tangible things: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the Discovery Materials are stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or something similar so as to readily alert the Receiving Party to the intended designation.

**4.2**    **Inadvertent Failure to Designate:** The inadvertent failure to designate Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not, standing alone, be deemed a waiver of a claim of the appropriate level of confidentiality.   The Producing Party shall give written notice to the Receiving Party as soon as reasonably possible, and in any event within fourteen (14) days after the omission is discovered and substitute designated copies of the inadvertently produced documents.   The Receiving Party shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the correct designation.   In the event that the Receiving Party disputes the timeliness of the written notice of inadvertent failure to designate, the Receiving Party may avail itself of the procedures set forth in Section 5 to challenge the confidentiality designation.

9

## 5.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

No Receiving Party concedes that any material designated by a Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does, in fact, contain information that is properly designated as such. At any time, a Party may move for relief from the provisions of this Stipulated Protective Order with respect to specific material which that Party believes has been improperly designated as Protected Material.  A Party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any stage of these proceedings with the designation of Protected Material, the Parties shall try first to resolve such dispute in good faith on an informal basis without Court intervention. The Party challenging the designation must first provide written notice to Counsel for the Producing Party, explain the basis for its belief that the confidentiality designation is improper, and provide the Producing Party ten (10) business days to review the confidentiality designation, reconsider the circumstances, offer to change the designation, explain the justification for the chosen designation, and/or offer an alternative resolution. Within five (5) business days of the Producing Party's response, the Parties shall confer in an effort to resolve their differences. If no agreement is reached, the

challenging Party may proceed to the next stage of the challenge process by filing a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. Upon any such application to the Court, the burden shall be on the Producing Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Court and Judge Walker's Initial Scheduling Order (Dkt. No. 16) shall be met. Pending the Court's determination of the application, the designation of the Producing Party shall be maintained. No Party shall object to the filing of the challenged material with the Court under seal in order for the Court to resolve the matter.

### 6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

**6.1** **<u>Basic Principles:</u>** The Receiving Party shall store and maintain Protected Material in a manner and location that ensures access is limited to only the persons authorized under this Stipulated Protective Order. It shall be the responsibility of Counsel for each Party to ensure that persons receiving Protected Material pursuant to this Order know the terms of this Stipulated Protective Order and agree to be bound by them.

**6.2    Persons Who May Access Discovery Materials Designated**

**CONFIDENTIAL:** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Discovery Materials designated CONFIDENTIAL only to:

(a)    the Receiving Party's employees to whom disclosure is reasonably necessary to assist in this litigation.  For the purposes of this Stipulated Protective Order, "employees" are persons who have a present employment relationship with the Party to work for wages or a salary, and who are not contractors, vendors, investors, or former employees;

(b)    the Receiving Party's Outside Counsel, as defined herein, for use in accordance with this Stipulated Protective Order;

(c)    the Receiving Party's In-House Counsel, as defined herein, who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting Outside Counsel in the litigation of this Action;

(d)    experts, as defined herein, after satisfying the requirements of Section 6.4;

(e)    the Court and its personnel;

(f)    court reporters, videographers, stenographers, their staffs;

12

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation with suitable precautions calculated to maintain confidentiality;

(h)     any mediator or settlement officer who is assigned per order of the Court to hear this matter, and his or her staff;

(i)     the author of the document or the original source of the information and any copied recipients thereof; and

(j)     persons for whom all parties asserting a claim of protection (e.g., the Producing Party or a Party claiming protection for Discovery Material produced by a non-party) have consented in writing to receive the material.

**6.3     Persons Who May Access Discovery Materials Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Discovery Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to all persons described in Sections 6.2(b)-(j) above. Disclosure to the persons described in Section 6.2(d) remains subject to the requirements of Section 6.4.  Information so designated may not be disclosed to persons identified in Sections 6.2(a).

Notwithstanding the foregoing, a Receiving Party may make a written request to a Producing Party that specifically identified materials designated by the Producing Party as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, seeking disclosure to an employee of the Receiving Party for the purpose of allowing the Parties to analyze, pursue and reach a settlement of the above-captioned litigation. The Producing Party shall respond to the request within seven (7) days of receipt of the request and shall not unreasonably withhold consent. If no response is received after seven (7) days, the request shall be deemed granted. If the Producing Party withholds consent, the Parties agree to meet-and-confer in good faith to resolve the dispute to the mutual satisfaction of the Parties. If no resolution can be reached, the Receiving Party may move to compel with the Court (following the procedures set forth in Judge Walker's Initial Scheduling Order (Dkt. No. 16)), setting forth the reasons why disclosure of such materials would further the chances of settlement and would neither be likely to prejudice nor harm the Producing Party.

       **6.4**    **<u>Application of this Protective Order to Persons with Access to Protected Material.</u>**  Each person given access to Protected Material shall be advised that the Protected Material is being disclosed pursuant to and subject to the

terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(a)     Before any person described above in Section 6.2(d) is given access to Protected Material, that person must read and agree in writing, by signing an acknowledgement in the form attached hereto as Exhibit A, to be bound by the provisions of this Stipulated Protective Order.

(b)     At least seven (7) days before any person described in Section 6.2(d) is given access to Protected Material, the Party seeking to give such access to such a person shall deliver (via email) to all other Parties a copy of the signed acknowledgement (Exhibit A) and a resume, curriculum vitae, or description setting forth the person's (1) name, (2) residence and office addresses, (3) present employer, job title, and job description, and (4) any relationship to the Parties in this Action.  If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within three (3) business days after service of the information called for in this Section.  Objections must be made in writing and state with particularity the basis for the objection.  In the event of such an objection to disclosure of Protected Material, the Parties shall meet and confer within three (3) business days of any timely objection

in an attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within seven (7) days of the meet and confer (or such other time as the Parties may agree in writing), request the Court to issue an order barring such disclosure; if the Party objecting to disclosure fails to request the Court to issue an order barring such disclosure within the specified time, the objecting Party waives its rights to object to that disclosure. The objecting Party shall have the burden of showing why that person should not have access to Protected Material. Pending resolution of any such motion or application, no disclosure of Protected Material shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Protected Material to persons as to whom no such objection has been made.

      6.5   **Use of Protected Material in Depositions:** Pursuant to the terms of this Section 6.5, Protected Material may be used to examine fact witnesses who are currently employed by the Producing Party, who were employed by the Producing Party at the time the Protected Material was created and would reasonably be expected to have had access to the Protected Material or its content, or who created or received the Protected Material. Counsel for any Party wishing

to use Protected Material to examine fact witnesses who are not currently employed by the Producing Party, who were not employed by the Producing Party at the time that Protected Material was created, or who did not create or receive the Protected Material, shall (a) request such witness to execute the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A), and (b) for HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY designated materials, whenever reasonably possible, deliver a copy of such material to Outside Counsel for the Producing Party and disclose the desire to use such document at least three (3) business days prior to the start of the deposition.  If the Producing Party objects to the use of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designated material at least two (2) business days prior to the deposition, the document may not be introduced, and its contents not disclosed, without leave of Court.  However, in the event the deposition invites inquiry that causes a Party to desire to show the deponent (or discuss with the deponent) material designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, counsel for the Parties shall work in good faith to allow the deposition to continue uninterrupted; provided, however, that all other provisions of this Stipulated Protective Order are met.

     **7.**    <u>**PREVIOUSLY OBTAINED MATERIAL**</u>**:**    Nothing in this

Stipulated Protective Order shall preclude any Party to this Stipulated Protective Order or its counsel from showing a document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual who prepared, authored, received, or reviewed the material prior to the filing of this litigation.

**8.** **FILING   DOCUMENTS   CONTAINING   PROTECTED MATERIAL:**  In the event a Party wishes to use any Protected Material, or any papers containing or making reference to the contents of such material or information, in any pleading or documents filed with the Court in this litigation, such pleading or document and Protected Material shall be filed under seal.  For the avoidance of doubt, the Parties hereby expressly consent to any such motion to seal to the extent that any Protected Material sought to be used consists of or incorporates financial, pricing, or customer-related information, including but not limited to revenue, profit, and cost figures, as well as Defendant's ridership and driver-related figures.

**9.** **PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION**

    **9.1** **Duty to Notify Producing Party:** If a Receiving Party is served with a subpoena in another action or proceeding, served with a document demand, or otherwise requested to provide Discovery Material covered by this

Stipulated Protective Order, and such subpoena, document demand, or request seeks Discovery Material which was produced or designated as Protected Material by any Producing Party, the person receiving the subpoena, document demand, or request must notify the Producing Party in writing within five (5) business days after receiving the subpoena or order, or as soon as reasonably practical. Such notification must include a copy of the subpoena, document demand, or request.

9.2 **Duty to Notify Issuing Party:** The Receiving Party must also promptly notify in writing the party who issued the subpoena, document demand, or request that some or all of the material covered by the subpoena, document demand, or request is subject to this Stipulated Protective Order.

9.3 **Production Duty:** If the Producing Party objects to the disclosure of the Protected Material, the Party served with the subpoena, document demand, or request shall, to the extent permitted by law, withhold production of the Protected Material until any dispute relating to the production of such material is resolved. In this regard, however, if the dispute cannot be resolved by agreement between the relevant parties, the Producing Party shall timely seek a protective order, and failure to do so will constitute a waiver of the Producing Party's right to otherwise cause the Party served with the subpoena, document demand, or request to withhold production.

19

**9.4** **Purpose of Duties:** The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing Party in this case an opportunity to seek to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall be responsible for seeking protection in that court for its Protected Materials, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**10.1** The terms of this Order are applicable to information produced by a non-party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**10.2** All Discovery Material produced by non-parties to this litigation shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY for a period of five (5) business days from the date of its production. During that period of time, a Party may designate such Discovery Material as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Stipulated Protective Order.

10.3 In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the non-party.

10.4 If the non-party fails to object or seek a protective order from this Court within the time proscribed by the agreement with the non-party – or, if none, within seven (7) days of receiving the notice and accompanying information – the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective

21

order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A).  Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.  For the avoidance of doubt, this provision does not preclude the Producing Party from seeking relief for a violation of this Stipulated Protective Order by the Receiving Party.

## 12.   __INADVERTENT      DISCLOSURE      OF      PRIVILEGED__ __INFORMATION__

Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not, standing alone, constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within a reasonably prompt time after discovery of the inadvertent production by providing a written "Clawback Notice." Once the Clawback Notice is provided, the Receiving Party shall promptly destroy and delete from any litigation support or other database the Inadvertently Produced Documents and all copies thereof, all notes or other work product of the Receiving Party reflecting the contents of such materials, or, upon request, return such materials to the Producing Party.   After receiving the Clawback Notice, the Receiving Party may move the Court to dispute the claim of privilege and/or immunity.  If the Receiving Party elects to file such a motion, the Receiving Party, subject to the requirements regarding use of and access to the Inadvertently Produced Documents detailed below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the Court's resolution of the motion.   Any Party may present the Inadvertently Produced

23

Documents to the Court under seal in connection with the motion. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Court, and Judge Walker's Initial Scheduling Order (Dkt. No. 16) shall be met. Unless and until the Court resolves any such motion in favor of the Receiving Party, no use shall be made of such Inadvertently Produced Documents, including at depositions or at trial, and they shall not be disclosed to anyone who was not given access to them before the Producing Party's Clawback Notice. If the Court denies the Receiving Party's motion, the Receiving Party shall promptly comply with the preceding provisions of this Section regarding destruction, deletion, and return.

### 13.   COMPUTER SOURCE CODE

At this time, the Parties do not anticipate the need for or disclosure of computer source code. In the event source code is requested, produced or generated in disclosures or responses to discovery in this matter, the Parties shall negotiate in good faith the terms of a Supplemental Protective Order governing the production of source code. In the event the Parties are able to reach agreement on the terms of a Supplemental Protective Order, the Receiving Party shall move for

entry of the Supplemental Protective Order. In the event the Parties are unable to reach agreement on the terms of a Supplemental Stipulated Protective Order, any Party may move for entry of a proposed supplemental protective order. The Producing Party shall not be required to produce any source code until the Court has entered a Supplemental Protective Order.

14.   **FINAL DISPOSITION**

The provisions of this Stipulated Protective Order and the Court's authority to enforce it shall survive the conclusion of this case, and shall remain in effect until the Producing Party agrees otherwise in writing or a court order directs otherwise. The Court shall retain jurisdiction over the Parties and Counsel as necessary to enforce this Stipulated Protective Order. Unless otherwise ordered by this Court or agreed in writing by the Producing Party, each Receiving Party must destroy all Protected Material from reasonably accessible locations or return it to the Producing Party within sixty (60) calendar days after the final disposition of this action, as defined in Section 3.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon written request from the Producing Party, the Receiving Party must submit a written certification to the

Producing Party by the sixty (60)-day deadline that all Protected Material was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

### 15.   **MISCELLANEOUS**

**15.1   <u>Right to Further Relief</u>:** Nothing in this Stipulated Protective Order abridges the right of any person to seek modification of this Stipulated Protective Order by the Court or by written stipulation of the Parties in the future, or to seek additional protective orders in the future.  This Stipulated Protective Order shall not prevent a Party from applying to the Court for relief therefrom.

**15.2   <u>Right to Assert Other Objections</u>:** By agreeing to the entry of this Stipulated Protective Order, a Party does not waive any right it otherwise would have to object to disclosing or producing any information or item. Similarly, a Party does not waive any right to object on any ground to the admissibility of Protected Material as evidence.  No action taken in accordance with this Stipulated

Protective Order shall be construed as a waiver of any claim or defense in the Action.

     **15.3**  **Exemptions:** The restrictions and obligations set forth herein shall not apply to any information that (a) the Parties agree should not be designated as Protected Material; (b) is, at the time of disclosure, already public knowledge; (c) hereafter becomes public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or hereafter shall come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party without violation of any other confidentiality obligations. Further, the restrictions and obligations set forth herein shall not be deemed to prohibit discussions of any Protected Material with any person that already has or obtains legitimate possession thereof.

     **15.4**  **Counsel's Right to Provide Advice:** Nothing in this Order shall bar or otherwise restrict Counsel from rendering advice to Counsel's client with respect to this action and, in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the client, Counsel shall not disclose any Protected

Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

15.5 **Violations:** A Party believing there has been a violation of this Order by any other Party must provide written notice of such belief to all other Parties. The Parties thereafter shall informally attempt to resolve the matter promptly, but the responding Party shall have at least five (5) business days to investigate the assertion. If the Parties are unable to resolve the issue, then the Party asserting that a violation occurred shall move the Court for relief within thirty (30) days of reaching an impasse at attempts to resolve the alleged violation, and give written notice to all Parties of its intent to so move. If the complaining Party does not so move within the proscribed 30-days, the issue shall be deemed moot and resolved.

15.6 **Modification by Court**: This Stipulated Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

Dated this 8th day of January, 2016.

| **CONCEPT LAW GROUP, P.A.** | **COOLEY LLP** |
|---|---|
| s/Alexander D. Brown | s/ Chantal Z. Hwang |
| Alexander D. Brown (FBN: 752665) | John W. Crittenden (*Pro Hac Vice*) |
| Scott D. Smiley (FBN: 678341) | Brendan Hughes (*Pro Hac Vice to be filed*) |
| 200 South Andrews Avenue | Chantal Z. Hwang (*Pro Hac Vice*) |
| Museum Plaza, Suite 100 | 101 California Street, 5th Floor |
| Fort Lauderdale, Florida 33301 | San Francisco, CA  94111-5800 |
| T: 754-300-1500 | T: (415) 693-2000; F: (415) 693-2222 |
| F: 754-300-1501 | E-mail: jcrittenden@cooley.com |
| E-mail: Abrown@conceptlaw.com | E-mail: bhughes@cooley.com |
| E-mail: Scott@conceptlaw.com | E-mail: chwang@cooley.com |
| | |
| **SANTUCCI PRIORE, P.L.** | **LOTT & FISCHER** |
| Joseph V. Priore (FBN: 348820) | Ury Fischer (FBN: 048534) |
| 200 South Andrews Avenue | Adam Diamond (FBN: 091008) |
| Museum Plaza, Suite 100 | 355 Alhambra Circle, Suite 1100 |
| Fort Lauderdale, Florida 33301 | Coral Gables, FL 33134-5076 |
| T: 954-351-7474 | T: 305-448-7089; F: 305-446-6191 |
| F: 954-351-7475 | E-mail: ufischer@lottfischer.com |
| E-mail: jpriore@500law.com | E-mail: adiamond@lottfischer.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: _____        _____

                                                              The Honorable Mark E. Walker
                                                              United States District Judge

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY THE**
**STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Northern District of Florida in the case of *Uber Promotions, Inc. v. Uber Technologies, Inc.*, Civil Action No. 1:15-cv-00206-MW-GRJ. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

As soon as practical, but no later than sixty (60) days after final termination of this Action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, or otherwise comply with Paragraph 14 of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of the case.

Signature:_____

Printed Name:_____

Date:_____

30

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Chantal Z. Hwang
Chantal Z. Hwang

## <u>SERVICE LIST</u>

***Uber Promotions, Inc. v. Uber Technologies, Inc.***
***Case No. 1:15-cv-00206-MW-GRJ***

Service via CM/ECF generated Notices of Electronic Filing:

Alexander D. Brown
Scott D. Smiley
**The Concept Law Group, P.A.**
200 South Andrews Avenue
Museum Plaza, Suite 100
Ft. Lauderdale, FL  33301
Telephone:  754-300-1500
Facsimile:  754-300-1501
E-mail:      Abrown@conceptlaw.com
E-mail:      Scott@conceptlaw.com

***Attorneys for Plaintiff***

Joseph V. Priore
**Santucci Priore, P.L.**
200 South Andrews Avenue
Museum Plaza, Suite 100
Ft. Lauderdale, FL  33301
Telephone:  954-351-7474
Facsimile:   954-351-7475
E-mail:      jpriore@500law.com

***Attorneys for Plaintiff***

31